**JE PING TANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70025.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

Armin Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Je Ping Tang, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

When, as here, the BIA affirms without an opinion, we review the IJ's decision directly. See Falcon Carriche v. Ashcroft, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, Sael v. Ashcroft, 386 F.3d 922, 924 (9th Cir.2004), and we deny the petition.

Substantial evidence supports the IJ's finding that the harm Tang suffered did not rise to the level of past persecution. See Nagoulko v. INS, 333 F.3d 1012, 1016–18 (9th Cir.2003). Furthermore, substantial evidence supports the IJ's finding that Tang failed to demonstrate an objectively-reasonable fear of future persecution. While Tang is a member of a disfavored group, and therefore need only demonstrate a "comparatively low level of individualized risk in order to prove that she has a well-founded fear of future persecution," see Sael, 386 F.3d at 927 (internal quotation omitted), the robbery, riot and other harm that she experienced are insufficient to compel a finding of a well-founded fear, cf. id. at 927–29.

Because Tang was unable to meet her burden to demonstrate that she was eligible for asylum, she necessarily fails to satisfy the more stringent standard for withholding of removal. See Mansour v. Ashcroft, 390 F.3d 667, 673 (9th Cir.2004).

While Tang contends that the BIA erred in failing to consider her withholding of removal and CAT claims, the record reflects that the BIA streamlined, affirming the IJ without opinion, such that the IJ's decision was the final agency determination. See Falcon Carriche, 350 F.3d at 849.

CAT relief was properly denied. See Malhi v. INS, 336 F.3d 989, 993 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.